### 28718.  MADDOX v. THE STATE.

DECIDED JANUARY 22, 1941.

*W. A. Dampier*, for plaintiff in error.

*Stanley A. Reese, solicitor*, contra.

GARDNER, J. The defendant was convicted on an accusation in the city court of Dublin of illegally possessing tax-unpaid intoxicating liquor. The evidence submitted by the State showed in substance that the officers chased the defendant and another, Ralph Warren, a codefendant, for several hundred yards when the officers overtook them. John Maddox, who brings this writ of error, was operating the car and Warren was in the front seat by him. On approaching the defendant's car the officers saw liquid running from the car onto the ground, and on opening the door on the side of the driver observed and took possession of a half-gallon container with about a half-pint of "moonshine" in it. A match was applied to the liquid which had run from the car onto the ground and the liquid burned. There was also found in the front seat of the car a five-gallon jug, the odor of which indicated that it had contained whisky. Both defendants denied any knowledge of the whisky. Later, Warren signed a statement that the whisky was his and that Maddox had had nothing to do with it. Warren later told the jailer that the whisky was his and not Maddox's. On the trial Warren, sworn for the State, testified that it was not his whisky but that it belonged to Maddox, and that he claimed it only at the urgent insistence of Maddox on the promise that Maddox would pay Warren's fine. The truth of the matter was that the whisky belonged to Maddox and that Maddox procured the whisky from his, Maddox's, house, and that Warren had paid Maddox eighteen cents for a portion which he, Warren, had drunk. The jury convicted the defendant on this evidence. The defendant filed a motion for new trial and amended it by adding two grounds. The court overruled the motion and the defendant excepted. The evidence authorized the verdict.

The first ground of the amendment complains that the court erred in failing to charge the law of circumstantial evidence. The verdict was not wholly dependent on circumstantial evidence and the court did not err in failing to charge thereon. This principle is too well established to need citation of authority. The second ground complains of error in the following charge of the court:

"I charge you that in misdemeanor cases, there are no accessories— all who participate in or contribute to the commission of a misdemeanor are regarded as principals and may be tried as such. The accusation may be joint or several against any one that is jointly accused." Error is assigned for the reason that the court did not fully charge as to what constituted an accessory. While the use of the word "accessory" in the connection used may be slightly inapplicable, at the same time it was used in the negative, and the excerpt complained of and the entire charge was so full and clear under the facts of this case that we can not find any reason to conclude that the jury was confused or misled. There is no merit in the grounds of error assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*